Todd A. Burgess (AZ 019013)
**THE BURGESS LAW GROUP**
3131 E. Camelback Road, Ste. 224
Phoenix, AZ 85016
Telephone: 602.806.2100
todd@theburgesslawgroup.com
*Attorneys for Trudy A. Nowak, Chapter 7 Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT

# THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| JBL RESTAURANT INVESTMENTS, INC., | Case No. 4:22-bk-00886-BMW |
| Debtors. | |
| TRUDY A. NOWAK, Chapter 7 Trustee, | Adversary No.: 4:24-ap-00160-BMW |
| Plaintiff, | |
| vs. | |
| WATERFALL, ECONOMIDIS, CALDWELL, HANSHAW, VILLAMANA, P.C., an Arizona professional corporation; KASEY C. NYE and JANE DOE NYE, husband and wife, | **RULE 26(f) JOINT DISCOVERY PLAN**<br><br>Hearing Date: November 5, 2024<br>Hearing Time: 10:15 a.m.<br>By Video Conference |
| Defendants. | |

Pursuant to Fed.R.Civ.P. 26(f), made applicable by Rule 7026, Federal Rules of Bankruptcy Procedure, Trudy A. Nowak, Chapter 7 Trustee ("Trustee" or "Plaintiff"), and Waterfall, Economidis, Caldwell, Hanshaw, and Villamana, P.C. and Kasey C. Nye (collectively, "Defendants"), through their respective counsel, submit this Joint Discovery Plan (the "Discovery Plan") in accordance with the Court's *Notice Of Scheduling Conference And Order Re: Rule 7016(B) Of Federal Rules Of Bankruptcy Procedure* [DE 15].

///

///

**I.     Jurisdiction and Consent to Entry of Final Orders.**

All parties agree that this is a core proceeding under 28 U.S.C. § 157(b). All parties consent to the entry of final orders and judgments by the Bankruptcy Court.

**II.    Initial Disclosures of Information.**

The parties have agreed to exchange the initial disclosures of information required by Rule 26(a)(1) on November 4, 2024. The parties do not anticipate that any changes to the timing, form, or requirement for disclosures under Rule 26(a) will be required.

**III.   Discovery.**

The parties anticipate that discovery will be required regarding the scope of Defendants' duties to the Debtor and its estate, as counsel for the Debtor; whether and to what extent Defendants breached their duties to the Debtor and the estate; whether and to what extent any breach of duty by the Defendants was the actual and proximate cause of any damages suffered by the estate; damages; and the subject matter of Defendant's potential defenses. The foregoing list is not intended to be exhaustive. The parties reserve the right to seek discovery regarding additional subjects as the case progresses. The parties anticipate that discovery will take the form of (a) depositions; (b) interrogatories; (c) requests for admission; and (d) requests for production. The parties do not believe that there is any need to segment discovery or conduct discovery in phases. The parties' proposal on discovery scheduling is set forth below.

    **A.     Preservation, Disclosure, and Discovery of ESI.**

The parties agree that the preservation, disclosure, and discovery of electronically stored information ("ESI") shall be governed by the Federal Rules of Civil Procedure, except as otherwise stated in this Discovery Plan.

    **B.     Email Discovery.**

General document production requests under Federal Rules of Civil Procedure 34 and 45 shall include email or other forms of electronic correspondence (collectively "email"). Document production requests shall identify the custodian, search terms, and period for each request. The parties shall cooperate to identify the proper custodians, proper search terms,

2

Case 4:24-ap-00160-BMW    Doc 16    Filed 10/31/24    Entered 10/31/24 15:03:47    Desc
Main Document    Page 2 of 7

and proper period for each request. Indiscriminate terms are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court, the requesting party shall bear all reasonable costs caused by such additional discovery. Parties must meet and confer to limit email custodians and search terms prior to approaching the Court for assistance on any ESI matters.

### C. Rules Regarding Fact Discovery.

The parties stipulate that all interrogatories, requests for production of documents, and requests for admission shall be served at least 45 days before the fact discovery deadline. The parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rule 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, shall not extend the discovery deadlines set forth in the Court's case management order or other scheduling orders.

### D. Expert Discovery.

The parties stipulate that rebuttal experts shall be limited to responding to opinions stated by initial experts.

As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures

of such testimony are required on the dates set forth below in Section VI; absent extraordinary circumstances, parties will not be permitted to supplement expert reports after these dates.

Each side shall be limited to one retained or specifically employed expert witness per issue.

### E. Limitations on Discovery.

The parties do not believe that any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Court's Local Rules are required.

### F. Discovery Disputes.

If a discovery dispute arises, the parties shall attempt to resolve the matter through personal consultation and sincere effort pursuant to Local Rule 9013-1(f). Thereafter, if the matter remains unresolved, the parties are to notify the Court's law clerk, Hannah Willett at Hannah_Willett@azb.uscourts.gov, and the courtroom deputy, Rebecca Volz at Rebecca_Volz@azb.uscourts.gov, and await further instructions before filing a discovery related motion. Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery and will not entertain expert discovery disputes after the deadline for completion of expert discovery.

## IV. Privilege, Work Product.

### A. Protective Order.

At this time, the parties do not believe that there is any need for the Court to enter a blanket protective order in this case. To the extent that either party later determines that there is a need to protect the confidentiality of trade secrets or business information, the parties will confer and endeavor to submit a proposed form of protective order for the Court's consideration.

### B. Proposed Stipulations.

The parties hereby agree to the following stipulations:

The parties stipulate that attorney-client privileged and/or work product materials generated between counsel and client after the filing of this lawsuit need not be included on a privilege log.

The parties stipulate that service of letters, disclosure statements, discovery requests, and other documents that are not required to be filed with the Court shall be made, at a minimum, via email addressed to counsel of record.

The parties further agree to the following with respect to the discoverability of expert communications:

1. The parties agree that they will not seek drafts of expert reports, declarations, or affidavits, or notes taken by experts retained to testify in this case or in any other litigation or proceeding (past or current) in which the expert has been retained. The parties further agree that they will not seek communications or documents relating to communications between such experts and counsel, including e-mail communications, whether generated in connection with this case or another litigation or proceeding.

2. Except where a draft was produced as the only available copy, the parties agree not to inquire at deposition or trial as to the contents of drafts of expert reports, declarations, or affidavits or notes pertaining thereto, whether drafted in connection with this case or another litigation or proceeding, and that the parties will not inquire at deposition or at trial as to the expert's communications, whether written or oral, with counsel, whether generated in connection with this case or another litigation or proceeding.

3. The parties will, however, identify and produce copies of any documents referenced, cited, or relied upon by the expert in his or her expert report. Furthermore, nothing in the parties' agreement is intended to restrict the parties' ability to (i) inquire into the basis of any of the opinions expressed by any experts in his or her report, declaration, or affidavit, including the manner by which such opinions were reached, and information relied upon in reaching such opinions; (ii) otherwise inquire into the process by which an expert report, affidavit or declaration was drafted, provided that, in so doing, the parties may not discover the contents of any such drafts of expert reports, declarations or affidavits, or notes

pertaining thereto; or (iii) obtain reports, testimony, or other discovery or evidence produced in any other litigation or proceeding.

## V. F.R.E. Rule 502(d) Orders

The parties agree that pursuant to Federal Rule of Evidence 502(d), any disclosure in this proceeding is without waiver to the party asserting privilege with respect to disclosure in any other proceeding in federal or state court.

## VI. Proposed Schedule and Deadlines.

The parties propose the following schedule and deadlines:

a) Deadline for joining parties, amending pleadings, and filing supplemental pleadings: 60 days after the date that the Court's case management order/scheduling order is entered.

b) Deadline for simultaneous disclosure of areas/topics of expert opinions: December 31, 2024.

c) Deadline for completion of fact discovery: March 28, 2025.

d) Deadline for disclosure of initial expert reports: April 25, 2025.

e) Deadline for disclosure of rebuttal expert reports: August 1, 2025.

f) Deadline for completion of expert discovery, including depositions: October 17, 2025.

g) A deadline for filing dispositive and *Daubert* motions: November 21, 2025.

## VII. Settlement Discussions.

The parties have had and will continue to have settlement discussions in an effort to resolve this matter.

RESPECTFULLY SUBMITTED this 31st day of October 2024.

THE BURGESS LAW GROUP

By: /s/Todd A. Burgess
Todd A. Burgess (019013)
Todd@theburgesslawgroup.com
3131 E. Camelback Road, Ste. 224
Phoenix, Arizona 85016

|   |   |   |
|---|---|---|
| 1 | | Tel. (602) 806-2100 |
| 2 | | *Attorneys for Plaintiff, Trudy A. Nowak, Chapter 7 Trustee* |
| 3 | | |
| 4 | | DICKINSON WRIGHT PLLC |
| 5 | | By: /s/Scot L. Claus (with permission) |
| 6 | | Scot L. Claus (#014999) |

Tel. (602) 806-2100

*Attorneys for Plaintiff, Trudy A. Nowak, Chapter 7 Trustee*

DICKINSON WRIGHT PLLC

By:   /s/Scot L. Claus (with permission)
      Scot L. Claus (#014999)
      sclaus@dickinsonwright.com
      Vail C. Cloar (#032011)
      vcloar@dickinsonwright.com
      Alexandra Crandall (#034838)
      acrandall@dickinsonwright.com
      1850 N. Central Ave., Suite 1400
      Phoenix, Arizona 85004-4568
      Tel. (602) 285-5000

*Attorneys for Defendants Waterfall, Economidis, Caldwell, Hanshaw, Villamana, P.C., and Kacey C. Nye*

ORIGINAL filed and COPY of the foregoing sent via emailed this 31st day of October 2024 to:

DICKINSON WRIGHT PLLC
1850 N. Central Ave., Suite 1400
Phoenix, Arizona 85004-4568
Firm E-Mail for Official Court Documents
courtdocs@dickinsonwright.com
Scot L. Claus (#014999)
sclaus@dickinsonwright.com
Vail C. Cloar (#032011)
vcloar@dickinsonwright.com
Alexandra Crandall (#034838)
acrandall@dickinsonwright.com
*Attorneys for Defendants Waterfall, Economidis, Caldwell, Hanshaw, Villamana, P.C., and Kacey C. Nye*

/s/Todd A. Burgess